IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN PADMORE, | : Civil No. 3:21-cv-1202 |
| Petitioner | : (Judge Mariani) |
| v. | : |
| WARDEN STEPHEN SPAULDING, | : |
| Respondent | : |

**MEMORANDUM**

Petitioner Ian Padmore ("Padmore"), an inmate currently incarcerated at the Federal Prison Camp in Lewisburg, Pennsylvania ("FPC-Lewisburg"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Padmore seeks an Order directing the Bureau of Prisons ("BOP") to award him his earned time credit ("ETC") pursuant to the First Step Act ("FSA") and to release him to home confinement. (*Id.* at pp. 2, 6, 7). For the reasons set forth below, the Court will dismiss the habeas petition.

**I.   Background**

Padmore is serving a sixty-month term of incarceration imposed by the United States District Court for the Southern District of New York for a conviction of conspiracy to possess with intent to deliver cocaine and heroin. (Doc. 2, p. 1; Doc. 9-1 at pp. 6-7). Padmore's current projected release date, *via* good conduct time, is June 7, 2023. (Doc. 9-1, p. 5).

The BOP has assessed Padmore has having a low risk of recidivism and having

recreation/leisure/fitness, substance abuse, and work criminogenic needs. (*Id.* at pp. 16-17). He was also assessed to have a need for finance/poverty. (*Id.*). During his incarceration, Padmore has completed various programming activities, including the Arthritis Foundation Walk, Brain Health as You Age, Money Smart for Older Adults, Narcotics Anonymous, and the Non-Residential Drug Abuse Treatment Program. (*Id.* at pp. 17-18). Padmore is eligible for 113 hours of credit for completing these programming activities. (*Id.* at p. 4 ¶ 8). Padmore has also been assigned to an Inside Sanitation Crew since September 13, 2019. (*Id.* at p. 19; Doc. 3, p. 7). Inside Sanitation Crew participation is not designated as an evidence-based recidivism reduction ("EBRR") program or programming activity. (Doc. 9-1, pp. 10-15).

The Administrative Remedy Generalized Retrieval demonstrates that Padmore has only filed one administrative remedy while in BOP custody. (Doc. 9-1, pp. 8-9). In that remedy, Padmore requested home confinement or early compassionate release. (*Id.*).

In his § 2241 petition, Padmore asserts that he is entitled to the application of 410 days of ETC to his sentence. (Doc. 1, p. 7; Doc. 2, p. 9; Doc. 3, p. 2). Padmore seeks "release to [h]ome [c]onfinement/RRC/Supervised Release" and requests that the BOP be enjoined from not using the FSA earned time credits for other similarly situated inmates. (Doc. 1, p. 7).

Respondent contends that Padmore's § 2241 petition should be dismissed because: (1) Padmore failed to exhaust his administrative remedies; (2) the petition is not ripe for

disposition; and (3) Padmore is not entitled to 410 days of ETCs or immediate release, even if calculated today. (Doc. 9). For the reasons discussed below, the Court finds that Padmore's § 2241 petition must be dismissed for his failure to exhaust administrative remedies.

## II. Discussion

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id.* at 762. However, exhaustion is not required when it would not promote these goals, such as when exhaustion would be futile. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates

futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (2005)). If an issue raised by the inmate cannot be resolved through this administrative remedy system, the BOP will refer the inmate to appropriate statutorily mandated procedures. 28 C.F.R. § 542.10(c). The system first requires an inmate to present their complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence and the Warden shall provide a response within twenty calendar days. 28 C.F.R. §§ 542.14, 542.18. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. 28 C.F.R. § 542.15(a). The Regional Director has thirty calendar days to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty

calendar days from the date of the Regional Director's response.  28 C.F.R. § 542.15(a).  No administrative remedy appeal is considered fully exhausted until reviewed by the BOP's Central Office.  28 C.F.R. § 542.15(a).

Padmore's Administrative Remedy Generalized Retrieval report reveals that he did not pursue any administrative relief with respect to the claims in the instant habeas petition.  (Doc. 9-1, p. 4, Declaration of BOP Attorney Advisor Jennifer Knepper, ¶ 5; Doc. 9-1, pp. 8-9, Administrative Remedy Generalized Retrieval).  The record before the Court indicates that on July 30, 2020, Padmore submitted Administrative Remedy Number 1036659-F1, requesting compassionate release or home confinement.  (Doc. 9-1, p. 9).  His request was rejected on July 30, 2020, and he did not appeal.  (*Id.*).  The record further indicates that Padmore has not filed any administrative remedies concerning the First Step Act or earned time credits.  (*See id.*).  Padmore does not dispute that he commenced the instant action without first exhausting the BOP's administrative remedy procedure.  (Doc. 1, pp. 2-3; Doc. 2, p. 3; Doc. 3, p. 2).  Padmore failed to file a reply to Respondent's answer to the habeas petition and has not alleged any facts that would permit a finding that exhaustion would have been futile, he has not identified any BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced an argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to irreparable injury.  Additionally, he cannot avoid the exhaustion requirement by simply asserting that he regards the administrative

5

remedy process as futile. Absent proper exhaustion, Padmore's claims are procedurally defaulted, and the habeas petition must be dismissed. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Padmore to invoke the judicial process despite failing to complete administrative review.

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed. A separate Order shall issue.

*/s/ Robert D. Mariani*
Robert D. Mariani
United States District Judge

Dated: October 18, 2021